Good morning. Thank you, Your Honor, and may it please the Court. My name is Kathleen Lyon, and I represent the United States and Bonneville Power Administration. I would like to reserve three minutes of time for rebuttal. Sure. Your Honor, the District Court here erred in two separate decisions when it declined to exercise jurisdiction in these cases in which the United States is seeking to assert, in its own courts, its constitutional right to be free from discriminatory state taxation. And these errors warrant reversal here. The first primary error of the District Court here came in Oregon 1 in the Court's decision that comedy principles required abstention here. In fact, the Court, in coming to that conclusion, ignored crucial distinctions between Levin, the leading case in this area, and this case. First off, the District Court ignored the posture of the case in which in Levin there were private parties, and the United States is bringing this case. And the Supreme Court has recognized in Arkansas v. Farm Credit Services, quote, the importance of allowing the United States to proceed in Federal court to determine tax immunity questions. What is the status of State proceedings? Are there anything still pending in State court? Yes. The State proceedings are still pending. My understanding is that there has been some, a little bit of discovery on the issue of whether the rent is below the market rate or not, some expert discovery. But I don't think it's proceeded past anything past that. The decision isn't imminent, I take it? I don't think any, I don't know that there's, I don't think there's been any summary judgment filed. I don't think anything's been gone beyond that. Gotcha. What do we have to give to this consideration that I got from the record that U.S. previously favored going to Oregon, but then when they were, seemed to be losing, that they decided they were going to come here? Your Honor, I'm not sure whether the administrative, whether an administrative ruling here by the Department of Revenue for Oregon precludes the United States from making a facial challenge to the statute. But if this Court were to conclude that it did, I would point out the United States was not party to what was in, what was before the Department of Revenue. BPA counsel and dealt with NFC's counsel and went to the Department of Revenue. The United States, you know, certainly BPA is an instrumentality of the United States, but the United States is here in part because it has an overarching interest in the broader issue of being free from discrimination. By that comment, are you distinguishing BPA from the United States? Well, we think that there are dual interests here. Certainly, the United States has broader concerns than just this case to be, in terms of being free from discrimination. If you start to separate them, I think that raises a whole set of questions as to whether BPA is properly treated as an instrumentality of the United States or might be distinguished by the State from the Justice Department or the Defense Department or the White House and Congress and so forth. So I'm wondering if you really want us to go down that path. Well, again, Your Honor, I certainly, you know, I'm not exactly sure. I mean, either the United States was there or not. And if you're telling us that the BPA being there is not the United States, okay. But maybe BPA isn't the United States. We shouldn't treat this as a Federalism issue. Well, I suppose that gets back to the original point, which was whether we're precluded from making a facial challenge to the statute based on the administrative ruling. And, you know, that's something that this Court's going to have to determine, if that's a great concern to the Court. But, you know, I don't think that — well, if I may return to my original point about the weaknesses of the decision in Oregon 1, the — Well, my worry in asking the question, I guess, is because it seems to me that that has some effect on the factors in Levin, that the government now seems to be wanting to go a different place just because they're improving their position. Well, I'm not sure about that, Your Honor. Again — Well, that's one of the factors of Levin. The IMS sought the Federal Court to aid in an endeavor to improve their competitive position, and that's, therefore, one of the factors I think about in Levin 1. Why would the government necessarily suggest that the Federal Court is the better place, given that there are State issues that are certainly heavily involved in this case through and through? I disagree, Your Honor. What about damages? Supposing that the Federal Court went all the way to suggest that the law was discriminatory. That may be what we would decide, but then we have a State issue as to what would happen then. And we have no authority to make that decision. Once discrimination is found? Yeah. I think a key factor in Levin was the fact that the district court's remedies were limited in what they could do for the private plaintiffs. That's not — it's not as limited when the U.S. is the plaintiff, because the district court has the option of giving an injunction, which did not have the option of doing in Levin for the private plaintiffs. We believe that we can get the full remedy that we need in district court, in part because of the option of an injunction. We believe that if we get the declaratory judgment that we are seeking here, while we believe that Oregon would honor that and would not seek to collect the taxes for so long as the discriminatory statute is in place, if it did seek to do that, then we would be able to go to Federal court to get an injunction. That is quite independent of what the State legislature might do in terms of its choice as to how to resolve this ultimately for future cases. Here's one of the concerns I have, and maybe you can set me straight. As I understand it, all the district court did was abstain. The issue on the merits of whether it's discriminatory or not remains open. I mean, you could win in State proceedings, and if you do, terrific, that's the end of it. If you don't, you can always then go back to Federal court. It's possible. What's the problem with that? You know, given the interest of comedy and these other concerns we have, the intertwining of State law. Correct. Well, perhaps I'm not understanding the question. Could you rephrase that? I don't think so. Could you repeat it? All they're doing is, all the district court is doing is abstaining until the State proceedings are resolved, which they could resolve in your favor, could resolve which would resolve the case, and if they don't, then you're back in business. Well, in Oregon 1, the court, Judge Hagerty, abstained because of Counts 2 and 3, which are no longer in this case. And so I think that that concern is now gone, and only Count 1 survives. And indeed, when we went back to State court to file the protective action, we didn't pursue Counts 2 and 3 there either. So there's only the Federal constitutional discrimination claim that survives, and there are no State law issues raised by that. If you were to prevail in State court proceedings, would that be the end of it? I believe so. I mean, if we prevailed on the facial discrimination claim? Yes. Yeah. I believe that. So why wouldn't the district judge, within his discretion to say let's see how that comes out, maybe the U.S. government will win? And if they do, terrific. That's the end of the case. Case closed. Because the United States has a strong interest in pursuing Federal claims in Federal court, particularly in the intergovernmental tax immunity context. And the Supreme Court has recognized this in Arkansas v. Farm Credit Services. I'm more interested in the practical question posed. And maybe that means asking you what happens if you lose in State court? What options are available to the Federal government at that point? Well, if this Court were to affirm in both of the district court decisions, in Oregon I and Oregon II, we would be limited to Federal court, I believe. Well, for the time being, abstention. You go to State court. What happens if the State court adjudicates the case and concludes that the State wins, you lose? What happens from that point? Is there an opportunity for you to return to Federal court other than the U.S. Supreme Court? I don't think so. If, assuming that the State court would address the specific facial discrimination claim, there, I mean, there's a possibility that the State court could sort of ignore that issue and just get to the merits of the --- get to the terms of the lease and all of that. So your complaint isn't -- I want to move it from the theoretical to the real. The complaint is that you will be required to adjudicate this for once and for all in State court, that you don't have the option of the Federal court afterwards unless you can persuade the U.S. Supreme Court to grant cert. Correct. Yeah. I don't understand why you couldn't go back to district court having concluded the State court proceedings. I didn't. Didn't I just say the opposite? I'm confused. He's asking why you can't go back to Federal court. I don't know why you can't. That's really the question that we're sort of leading to. You're telling us that you can't go back to Federal court if you lose in State court. Why not? Well, I mean, I think that in the State tax court, I believe, and I don't have the deep understanding of Oregon procedures, but I believe you would have to appeal it up through the State process. Well, after you've exhausted everything in State court, if you're still stuck with a discriminatory statute and no longer have any further State remedy, why can't you go back to the U.S. district court, go back to Judge Hagerty, go back to Judge Hernandez, and say now it's right, go ahead and deal with it? Right. Well, I mean, insofar as the State statute remains in place, the United States would always be able to make a facial challenge to a statute down the line. They're just abstaining. They're not ruling against you. They're just saying let's see how it plays out. Right. But the fact that the concern that the United States has is much broader than that, and that what the Court did here is going to be relied upon in other cases as that raised the abstention issue. And our concern is that the errors of law that the judge made here, both in the two judges made here, both in Oregon I and Oregon II, could color those cases in the future. And, you know. Would you have any claim preclusion or issue preclusion problems? In this case? Well, certainly, the judge, Judge Hernandez in Oregon II, did not find that we did. No. I mean, it's still in the hypothetical. You've gone through the Oregon system. You've gone all the way to the Oregon Supreme Court. Oregon Supreme Court says you lose. So then you try to knock on the door of the Federal district court again. Right. I'm not sure you can get in, but I'm not sure that you can't. And so far, I think that could make a big difference. I mean, Judge Shilverman raises the possibility, if this is just abstention, let's see if it plays out in State court. And if it plays out badly, then the Federal courts can take up the question. That's a different scenario than if the Federal courts can't take up the question. Right. But I guess our concern here is a fundamental one, that if a Federal court, if the United States comes into a Federal court raising only a Federal claim, seeking to protect the Federal fisc in the tax immunity context under the Federal constitution, that a district court can just sit back and say, well, you know, let's just send this off to State court and let them decide it. Well, that all sounds good, but I wish you'd answer the question, because I don't see it quite as simple as you. It seems to me that we have in here a situation where the State tax, what the State has done regarding tax, 307.112, is pretty important in the whole decision in this case. And you're asking the Federal court now to get involved and try to say, what Oregon's 307.112 says and how far it can go. And really, then, there's not just a Federal issue, but there's two issues. There's a Federal issue and a State issue. So, again, it seems to me that these good questions, which they've asked, are pretty important, because we're not just saying the end. The remedy is not certain even if the district court were getting to get involved. What would happen when the district court determined the law was discriminatory? That wouldn't decide a State issue at all. It's still out there. What would be the remedy? Well, Your Honor, first off, we don't think that our facial challenge raises any State law issues. I don't think there's any real dispute about how the statute works. On its face, it does not include the United States among those entities who are eligible to apply for the exemption, and the regulation makes it even more clear that the United States is barred from applying for it. That's the extent of our claim here. It's a facial challenge. It's not an as-applied challenge. And so I — that is my response to that question. We don't think that State law is involved in resolving that claim. I see you're down to 30 seconds, Ms. Lyon. Thank you. Thank you, Your Honor. Have the appellees figured out how they're going to divide their time? Good morning. The Oregon Department of Justice representing the State of Oregon. And Ms. Rastetter, who represents Clackamas County, will have three minutes of our time. Okay. Great. First, I would like to respond to the Court's question about whether the case could go back to Federal court. In fact, the way we envision it, the case would go from the Oregon Tax Court to the Oregon Supreme Court, and then a petition for review to the U.S. Supreme Court. Directly. So your perspective is that the Federal district court's door will effectively be permanently closed? I do not agree that that is necessarily the case. I am not aware of a case where it has worked that way. But I'm not trying to – this isn't a tricky question. I just want to confirm that what I thought I heard from you, it would go through the Oregon system, and then the only recourse would be the U.S. Supreme Court, that the option of going back to Federal district court and saying, okay, Judge Hagerty or Judge Hernandez, now pick it up and decide these issues, you think that's done for preclusion or any other reasons, that it's back to the State system and the U.S. Supreme Court and that's the end of it? The subject of issue preclusion or claim preclusion, either one, is certainly out there. And depending on what the decision was in the State courts, I think we would be obligated to argue that those preclusions apply. At least we shouldn't assume the Federal district court will be sitting waiting for the end of the Oregon State court adjudication and then be prepared to take the question up again. Your expectation is that if we affirm the abstention and the Supreme Court doesn't undo our decision, then the Federal district court and the Ninth Circuit are highly unlikely to see this case ever again. The U.S. Supreme Court, yes, of course, but that's okay. Well, doesn't that put more life into the government's argument that issues of federalism and the Federal government's role in the system ought to be entertained by the Federal court? Well, let's examine their allegations. What the Federal government has alleged is that the exemption statute, or we say conditional exemption statute, is unconstitutional because it discriminates against them. Doesn't it? On the basis of their Federal status. Let me put the broad question to you so you know where I'm coming from. It seems to me they've got a pretty powerful argument, and that's the kind of argument that you would expect the Federal government to want to adjudicate in Federal court. They have alleged that they are similarly situated with the local governments that are included in that statute, and that is not true. In fact, those local governments receive property tax. That's what funds their governments. So for them to pay property tax is like asking them to pay themselves. The legislature put them in at the tail end of the bill enactment as an administrative convenience so that they wouldn't be doing this useless act. Is the only state subdivision that's covered by the exemption a state subdivision that receives property tax? Aren't there state subdivisions that don't receive property tax, including the state of Oregon itself? State of Oregon is excluded along with the Federal government because neither of them receive property tax. Does the State of Oregon pay property tax? They do on leased property. Property they lease from private owners, and that's what we're talking about here. We're not talking about the usual situation where the U.S. government owns the property and they're claiming discrimination as to those parties they're dealing with. Here, the private for-profit owner is the one against whom the tax is imposed. I don't know Oregon government structure, but a lot of states, including my own and states where I lived before, have other governmental subdivisions. Does Oregon have anything other than municipalities or counties or are there any entities that don't receive property tax other than the State of Oregon? Not that I'm aware of. The Port of Portland, for example, is one of the entities that would receive a benefit under this statute. Not a benefit, but because it's in the State of Oregon. Does it receive property taxes from anybody? They do receive property tax. And so, again, it's a question of taking the money from one pocket and putting it in the other pocket. They'd be paying themselves if they were taken out. And this leads us to the remedy. The remedy is what was really of concern to both of the district court judges who heard this. Here, it is not at all clear that the exemption would be extended to the Federal government. It's not just BPA we're talking about. It's all of the Federal property. I think BLM, Bureau of Land Management, Social Security Administration, they have a large facility in Salem, Oregon, that is leased. The Federal courts. I don't know if the Federal courts lease property. But all of the Federal leased property would then be removed from the tax rolls. And given the shape that the counties, four of whom are on the verge of bankruptcy, and local taxing districts are in right now. That could be said of the Federal government, too. Exactly. That's true. But the Oregon legislature would not be concerned with that as much as depriving the counties and the local taxing districts of this revenue. They would simply remove them from the statute. Well, so what? I mean, but the issue is, do they get the right to litigate it in Federal court? That is the question. And the two judges that heard this did not abuse their discretion in weighing all the factors. They balanced the Federal interests against the State interests and the State the potential for disruption of the State tax system and all of the issues that must be decided. I want to get back to the question Judge Clifton asked following up on the question that I asked, whether they can go back to Federal court or not. I don't know if we're throwing you a curveball, if you've looked into it and you're just answering off the top of your head or if you know the answer definitively. Off the top, I don't see why they wouldn't be able to go back to Federal court if they lose all the way in the Oregon State court. Do you, can you tell me? I agree. They can file in Federal court. It was, the dismissals were without prejudice in both cases. So nothing stops them from, I mean, they want to file a petition for cert, they can file a petition for cert, but nothing stops them from going back and saying, okay, Judge Hagerty, okay, Judge Hernandez, you've abstained, now unabstain, right? It's over. There's nothing to defer to the State court anymore. They can certainly file. Now, would we attempt to assert issue preclusion or claim preclusion? Yes, we would. But that would be up to the Federal district court to decide. If they say something's facially invalid, what, how would issue preclusion and claim preclusion play out as you see it? If the State court decides that issue, which that's the only issue in the State court right now, I think it's highly likely they will, the court will decide it. In fact, we're filing our motion for summary judgment next month on that very question. Then there is a decision. And the question is, would the district court adhere to that? Okay. We have not heard anything from the Federal government as to why the tax court or the State courts themselves are not capable of deciding these issues. As the district court judges concluded, the issues can all be decided in the State court. Our Oregon tax court frequently deals with the question. Capable may not be the right question. I mean, they're intellectually capable and so forth. But the Federal government ordinarily has the power to have questions involving the Federal government litigated in Federal court. And that's not meant to be a slight to State courts. But for the same reason that cases can be removed from State court to Federal court if there are noncitizens of that State involved, that's just the system that's set up. So I'm not sure that capability is the only question. Why isn't this the kind of question that the Federal court should be, that the Federal government should be allowed to take to its usual form? We agree that the Federal government has interests here. But at the same time, the State has just as serious of issues. Well, everybody wants either to have the money or not have to pay the money. What's the State social policy that drives this case, other than wanting more money? Part of the basis for our argument that the State tax court should hear this was that if the discrimination is found, then the court has to decide whether the lease itself qualifies. And part of that determination will involve deciding what level of proof must be produced in order to qualify the lease. I don't hear State social policy in there. I hear rules of adjudication. What's the State social policy that drives this case? I haven't, I mean, I'm not sure that I see it, other than, well, we want to be able to get tax revenue from as many entities as we can, and we'd sure like to get tax revenue from BPA and perhaps other Federal leased property. Okay. I understand that. But I don't see that as being State social policy. Your Honor, it's not often that, as a tax litigator, I'm asked about social policy. Welcome to the world of what we have to deal with from time to time. And I've heard tax cases where they work in social policy. The last case we heard about what the point of the Relief Act was and so forth. But that's what abstention's about. What — There is inherent tax policy here, isn't there, that applies as it does in the different areas, everybody is taxed as they are as to certain situations? I was interested in the question as well, so. It's a matter of tax policy, which I guess in my mind isn't the same necessarily as social policy, but it does. Take out the word social. Tax policy, yes. I think having a uniform determination of the regular division of the tax court on the matters involved in interpreting 307.112 is very important to the State of Oregon. There are a lot of other things that we recommend. Well, is there a question other than who gets covered? If the question is who gets covered, I'm not sure it's really a tax issue as a who we get the tax question. I mean, it's not — I don't really see the regulatory-type issues raised by this case. There are no regulatory issues. Okay. And, again, this is an exemption statute. It's — it has nothing to do with the imposition of tax. And that's one of the problems here. Once the Federal Government gets their decision saying it's discriminatory, the facial discrimination resulted thereafter, the tax is still going to be imposed against NFSI, the Northwest Infrastructure Financing Corporation. There's — those are separate statutes. Well, if you think you're going to succeed at that, then why are you bothering? You can get the tax for — if you don't get it from BPA, you're going to get it from NFTI? Then who cares? That is something that we have to examine. Have we wasted the last half hour? Well, we're — I think your concern is that — Voluntarily. Your concern is that the legal owner of the property may somehow qualify for the exemption, too. If you didn't think that, you probably wouldn't be bothered to be here. The level of proof and the standards applied do affect all of the charitable entities and other nonprofit entities that are covered by this statute, yes. That is a concern. And the regular division of the Oregon Tax Court has not yet construed that. And we think that they should have the opportunity to do that first. Do you want to pass the baton to your colleague? Yes, thank you. Good morning. Good morning. May it please the Court. I'm Kathleen Rastetter for Clackamas County, and I'd just like to briefly add a few points or clarify. The county does have a compelling interest in protecting its FISC. We are the ones that actually collect taxes. And as Ms. Harber just said, those taxes would be collected from NIFC because we have a Department of Oregon tax office, and we have a Department of Oregon tax office, and we have a Department of Oregon revenue decision that says NIFC is the taxable owner. And my assessor has to, under the Oregon statutes, it's a mandatory collection of taxes when property taxes can be collected. Then you don't really care how this case turns out because you're going to have someone to collect against anyway. No, of course we care. And part of the reason is that depending on which court makes these determinations, the decision on the remedy, which is the other point I wanted to make, affects us greatly. That remedy could be to, if a court agreed that the United States was not being treated equally, one of the remedies could be to change the statute, this lease exemption statute, in such a way that no governmental entity would be entitled to the exemption. What does that have to do with whether the court should abstain or not? The abstention, it has everything to do with it because both district courts decided that that remedy was something better left to the Oregon tax court to determine. You know, Your Honors pointed out earlier, getting the declaration that the statute is unconstitutional is only the first part of this question. The second part, and the U.S. has conceded that. They admit that the remedy is a State law remedy. So then the question is who can decide or who better to decide the State law remedies of how to, if the statute is in fact discriminatory, how to fix that. And the Levin court pointed out that trying to second guess the State legislatures on how they decided to make exemptions or classes of taxpayers is something better left to the States. And that is why Levin, even though it was private parties, still dictates that the remedy suggests this ought to be in State court. And think about where we'd be if they do go back to Federal court and get their declaration. The lower court still can't tell Oregon legislature what to do with the statute. We still have an Oregon Department of Revenue ruling that tells us we have to collect against NFC. NFC tries to pass the taxes through to BPA through this lease. BPA waives their declaration. And we're back in some court trying to decide how to figure this out. We suggest it should be one court. Roberts. Thank you. Thank you. Ms. Lyon, you have just about half a minute left. Thank you very much. I'll just point out again with Levin, although the court did obviously realize that the State legislature may be able to address the ultimate question of what the State legislature's preferences would be to respond to a discriminatory statute, another key factor that the Supreme Court linked to that was that the district court was limited in its remedial options, and that same limitation does not exist when the U.S. is a plaintiff. I would also point out that the Supreme Court was very careful to limit the reach of the decision in Levin to the circumstances raised there. At several points in the decision, it notes that the case was including the first sentence of the decision. It says that the narrow question before the case was the fact that this was framed as a request to increase a competitor's burden, and that comity precludes the exercise of jurisdiction in cases of the kind presented here. This is quite a different case where the intergovernmental tax immunity context, where the Federal government, which the Supreme Court has already acknowledged, has an important interest in being allowed to proceed in Federal court on tax immunity questions, which is precisely what this is.  Thank you, Ms. Larkin. Thank you, counsel. The case just argued is submitted. We'll stand and recess for this session. Our thanks to Stella and Susan for their work this week. All rise for the Pledge of Allegiance. I pledge allegiance to the flag of the United States of America. And to the Republic for which it stands, one nation, under God, indivisible,
judges: Silverman, Clifton, Smith